The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 11 |
| HG OHIO CORPORATION, | ) |
| | ) CASE NO. 09-65631 |
| Debtor. | ) ADV. NO. 09-6131 |
| | ) |
| & | ) & |
| | ) |
| OP OHIO CORPORATION | ) CASE NO. 09-64633 |
| | ) ADV. NO. 09-6132 |
| Debtor. | ) |
| | ) JUDGE RUSS KENDIG |
| | ) |
| JUDY OLSZESKI HOLCOMB, | ) **MEMORANDUM OF OPINION** |
| JOAN OLSZESKI, | ) **(NOT FOR PUBLICATION)** |
| JANE OLSZESKI TORTOLA & | ) |
| FREDA'S SHOPS, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| HP OHIO CORPORATION, | ) |
| OP OHIO CORPORATION & | ) |
| JAMES G. WILSON | ) |
| | ) |
| Defendants. | |

On December 16, 2009, Judy Olszeski Holcomb, Joan Olszeski, Jane Olszeski Tortola and Freda's Shops, Inc. (hereinafter "the plaintiffs") filed a motion to remand claims against James G. Wilson (hereinafter "Mr. Wilson") to the Common Pleas Court for Stark County, Ohio. HP Ohio Corporation and OP Ohio Corporation (hereinafter "the debtors") objected on January 6, 2010, and Mr. Wilson objected on January 15, 2010. On January 18, 2010, the plaintiffs replied to the debtors' objection, and, on February 9, 2010, the plaintiffs replied to the objection filed by Mr. Wilson. This matter is now before the Court for decision.

For the reasons discussed below, this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

The debtors own three shopping plazas in Stark County and Summit County, Ohio. The debtors purchased these properties from a company owned by the plaintiffs. As part of that transaction, on May 31, 2006, OP Ohio Corporation and Mr. Wilson executed a promissory note to the plaintiffs in the amount of three million five hundred thirty thousand dollars ($3,530,000) due by June 1, 2009. HP Ohio Corporation guaranteed payment on the promissory note by signing a guarantee agreement on the same day.

On June 5, 2009, the plaintiffs initiated a lawsuit in the Common Pleas Court for Stark County, Ohio against HP Ohio Corporation, OP Ohio Corporation, and Mr. Wilson (hereinafter "the defendants"). The lawsuit sought to collect the debt owed under the promissory note and the guarantee, sought to appoint a receiver as to the property of the corporate debtors, and sought damages and an injunction relating to an alleged retaliatory eviction. On July 21, 2009, the defendants answered and filed counterclaims alleging interference with business relationships and deceptive trade practices.

During the course of the state court litigation, the defendants engaged in discovery misconduct. The defendants refused to participate in discovery until the court ordered them to do so and requested and received extensions to produce requested documents and answer interrogatories. The last straw was the defendants' objection to every single one of the plaintiffs' fourteen interrogatories, and on October 23, 2009, the state court sanctioned the defendants $1,750 for discovery misconduct.[1]

On July 20, 2009, the plaintiffs moved for partial summary judgment against the

---

[1]This is the plaintiffs' characterization of events. However, the defendants do not dispute this characterization except to note that "[l]itigation is, by nature, an adversarial process . . . ."

defendants regarding the claims on the promissory note and guarantee agreement. The defendants responded on October 16, 2009, and on October 20, 2009, the plaintiffs replied. On December 8, 2009, the state court granted plaintiffs' motion for partial summary judgment.

On November 11, 2009, OP Ohio Corporation and HP Ohio Corporation filed chapter 11 bankruptcy petitions. As a result, the state court concluded that it had been stripped of jurisdiction over the claims against the defendants. On February 11, 2010, the state court struck the order granting partial summary judgment. Mr. Wilson never filed a bankruptcy petition, and the plaintiffs now seek to have the claims against Mr. Wilson remanded back to state court.

## LAW AND ANALYSIS

28 U.S.C. § 1334(b), in conjunction with 28 U.S.C. § 157(a) and the general order of reference entered in this district, grants this Court jurisdiction over "all civil proceedings arising under title 11, or arising in or related to a case under title 11." The scope of "related to" jurisdiction under 28 U.S.C. 1334(b) is read broadly so as to "grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1994) (overruled on other grounds). The parties do not dispute that the claims against Mr. Wilson are "related to" the bankruptcies of OP Ohio Corporation and HP Ohio Corporation within the meaning of 28 U.S.C. § 1334(b) and may be removed to federal court pursuant to 28 U.S.C. § 1452(a).

However, the plaintiffs assert that the claims against Mr. Wilson should be remanded back to state court for three reasons: first, the Court should abstain from exercising jurisdiction under 28 U.S.C. § 1334(c)(1); second, the Court should remand the claims for equitable reasons under 28 U.S.C. § 1452(b), and, third, mandatory abstention is required under 28 U.S.C. § 1334(c)(2).

### A. Discretionary Abstention under Section 1334(c)(1)

Section 1334(c)(1) provides that a court may abstain from "a particular proceeding arising under title 11 or arising in or related to a case under title 11." This Court considers six factors in determining whether to abstain from hearing a claim: (1) convenience of the federal forum; (2) avoidance of piecemeal litigation: (3) the order in which the courts obtained jurisdiction; (4) whether either court has assumed jurisdiction over property; (5) the source of law for the decision; and (6) whether the state court can adequately protect the rights of the party seeking federal jurisdiction. In re Park Imperial Canton, Ltd., 177 B.R. 544, 549 (Bankr. N.D. Ohio 1994) (*citing* Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 17–19 (1983)). A court should only abstain from hearing a case when "exceptional" circumstances exist that justify dismissal in deference to a pending state court proceeding. Park Imperial, 177 B.R. at 549 (*citing* Moses H. Cone Memorial Hosp., 460 U.S. at 25–26).

The Court finds that it should not abstain from hearing the claims against Mr. Wilson. First, the federal forum is convenient. Both this Court and the state court are located in Canton,

Ohio. Second, litigating this matter in federal court avoids piecemeal litigation. Because of the relationship between Mr. Wilson and the corporate debtors, it would be uneconomical for the claims against Mr. Wilson to be litigated in a separate forum. Furthermore, this Court would already have jurisdiction if Mr. Wilson chooses to file for bankruptcy.[2] Third, although the state court obtained jurisdiction first, this Court can easily pick up the litigation where the state court left off. Fourth, this Court is in a better position to litigate the claims against Mr. Wilson because it has assumed jurisdiction over the property of the corporate debtors. Fifth, although the claims against Mr. Wilson are state law claims, they are run-of-the mill issues, and the Court has the expertise to resolve them. Sixth, the state court may be unable to protect the rights of the party seeking federal jurisdiction because this Court has jurisdiction over the property of the corporate debtors. In summary, this case presents no exceptional circumstances that merit abstention.

The plaintiffs' brief highlights discovery abuses of Mr. Wilson and implies that removal to this Court will result in further delay because of the automatic stay. This concern is unfounded. The automatic stay does not automatically apply to non-debtors. Patton v. Bearden, 8 F.3d 343, 348–49 (6th Cir. 1993). Accordingly, this Court will not abstain from exercising jurisdiction under section 1334(c)(1).

### B. Equitable Remand under Section 1452(b)

Section 1452(b) provides in relevant part that "[t]he court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground." This Court considers seven factors in determining whether to remand a case for equitable reasons: (1) duplicative and uneconomical effort of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) forum non conveniens; (4) whether the state court is better able to respond to a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the court in which the matter was pending originally. Park Imperial, 177 B.R. at 550.

Courts have concluded that the analysis under section 1452(b) is "largely the same" as the analysis under section 1334(c)(1). Parrett v. Bank One, N.A. (In re National Century Financial Enterprises, Inc.) 323 F. Supp 2d 861, 885 (S.D. Ohio 2004); Park Imperial, 177 B.R. at 550. For the reasons discussed above, this Court declines to remand the claims against Mr. Wilson for equitable reasons.

### C. Mandatory Abstention Under Section 1334(c)(2)

Section 1334(c)(2) provides that (1) upon timely motion of a party in a proceeding (2) based upon a State law claim or State law cause of action, (3) related to a case under title 11 but not arising under title 11 or arising in a case under title 11, (4) with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this

---

[2]It is unclear from the record where Mr. Wilson resides. However, this Court would be an appropriate venue for a bankruptcy filed by Mr. Wilson because the debtors are affiliates of Mr. Wilson pursuant to 28 U.S.C. § 1498(2) and 11 U.S.C. § 101(2).

section, the district court shall abstain from hearing such proceeding (5) if an action is commenced, (6) and can be timely adjudicated, in a State forum of appropriate jurisdiction. If each of these six elements is met, the Court must remand the case. In re Dow Corning Corp., 86 F.3d 482, 497 (6th Cir. 1996).

The parties agree that the first five elements are met. Thus, the sole issue is whether the claims against Mr. Wilson can be "timely adjudicated" in state court. Courts have considered seven factors in determining whether a matter can be timely adjudicated: (1) the backlog of the state court's and federal court's calendars; (2) the status of the proceeding in the state court prior to being removed; (3) the status of the proceeding in the bankruptcy court; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in a non-core case; (6) whether a jury demand has been made; and (7) whether the underlying bankruptcy is a reorganization or a liquidation. In re Midgard Corp., 204 B.R. 764, 776–79 (10th Cir. B.A.P. 1997).

The Court concludes that this matter cannot be timely adjudicated in state court. First, this Court does not have an extensive backlog of cases and can address the claims against Mr. Wilson expeditiously. Second, although the claims against Mr. Wilson were ready to be decided by the state court, Mr. Wilson still has unresolved counterclaims. Third, the claims should be decided in this Court because the Court has jurisdiction over the other parties in the lawsuit. Fourth, the issues to be decided are routine matters. Fifth, the parties do not dispute that the claims against Mr. Wilson are core matters under 28 U.S.C. § 157(b)(2)(A) and (O). Sixth, the parties do not indicate that a jury demand has been made, and, at any rate, it appears that the matter will be decided at summary judgment. Seventh, the fact that the case is a reorganization strongly favors having the claims against the one hundred percent shareholder of the corporate debtors decided as part of the same litigation. Because the "timely adjudication" prong has not been met, the Court is not required to remand the claims against Mr. Wilson.

Accordingly, the plaintiffs' motion to remand is denied.

An order will issue simultaneously with this opinion.

# # #

SERVICE LIST:

Judy Olszeski Holcomb
c/o Jack Cooper, Esq.
Day Ketterer Ltd.
PO Box 24213
Canton, OH 44702

Joan Olszeski
c/o Jack Cooper, Esq.
Day Ketterer Ltd.
P.O. Box 24213
Canton, OH 44701-4213

Jane Olszeski Tortola
c/o Jack Cooper, Esq.
Day Ketterer Ltd.
PO Box 24213
Canton, OH 44701-4213

Freda's Shops Inc.
c/o Jack Cooper, Esq.
Day Ketterer Ltd.
P.O. Box 24213
Canton, OH 44701

Jack B Cooper
Day Ketterer
200 Market Ave N
#300
Canton, OH 44701-4213

HG Ohio Corporation
c/o James G. Wilson
266 Main Street, Building One, Suite 7
Medfield, MA 02052

Anthony J DeGirolamo
116 Cleveland Ave., N.W.
Suite 307
Canton, OH 44702

OP Ohio Corporation
c/o James G. Wilson
268 Main Street, Building One, Ste 7
Medfield, MA 02052

James G. Wilson
Pine Street Investment Co.
266 Main St, Bldg One
Medfield, MA 02052

Chrysanthe E Vassiles
Black McCuskey Souers and Arbaugh
220 Market Ave., South, Suite 1000
Canton, OH 44702